IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.            Criminal Action No. 2:13CR43

**MATTHEW PAUL SELLERS,**
    Defendant.

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter is before the undersigned United States Magistrate Judge for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Matthew Sellers, in person and by counsel, Dorwin Wolfe, appeared before me on December 16, 2013. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count 20 of the Indictment.

The Court proceeded with the Rule 11 proceeding by first placing Defendant under oath.

The Court inquired of Defendant whether he was a United States citizen, to which Defendant replied he was. The Court advised Defendant that if he were not a U.S. citizen, he would be subject to deportation, and not be allowed to re-enter or become a citizen. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement.

The Court inquired, and the AUSA advised that one prior agreement had been offered to Defendant. The only change to that agreement was the addition of Sentencing Recommendation e., which states the United States will recommend Defendant receive credit for time served in state custody pursuant to State charges which are based on the same facts as those in the instant indictment

FILED
DEC 16 2013
U.S. DISTRICT COURT
ELKINS WV 26241

in this Court. Counsel for Defendant agreed and stated that the current plea agreement is more favorable than the prior one. Defendant stated that counsel had reviewed both agreements, and he agreed the current agreement was more favorable to him due to the additional recommendation. Defendant stated that the agreement as summarized by counsel for the Government was correct and complied with his understanding of the agreement. The Court **ORDERED** the written Plea Agreement filed.

The Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Matthew Paul Sellers, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned reviewed with Defendant Count 20 of the Indictment and the elements the government would have to prove, charging him with possession of pseudoephedrine to be used in the manufacture of methamphetamine. Defendant understood he was charged with other counts in the Indictment, and understood that, pursuant to the agreement, the United States would move to dismiss the other counts, if Defendant meets all the conditions of the agreement. He also understood that that would not happen until sentencing, and was contingent on his meeting all the conditions.

The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count 20 of the Indictment, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to a period of up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony conviction, or prior drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

3

Ct: Did you and your lawyer discuss that under 18 U.S.C. section 3742, you have the right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals?

Def: Yes, your Honor.

Ct: Did you and your lawyer discuss and did you understand from that discussion that you may also have the right to file a motion under 28 USC section 2255, commonly called habeas corpus, collaterally attacking the sentence and how it was carried out?

Def: Yes, your Honor.

Ct: Did you discuss with your lawyer and did you understand from that discussion and from your reading of paragraph 13 of your written plea agreement, that if the district judge imposes an actual sentence which is consistent with a guideline sentence that has a total offense level of 23 or lower, you give up your right to appeal that sentence to the Fourth Circuit and you give up your right to collaterally attack or challenge that sentence by filing a habeas corpus-type motion?

Def: Yes, your Honor.

Ct: You understand that clause in paragraph 13 is known as a waiver of direct and collateral appeal rights clause, and waiver means you're giving up those rights under the terms of your written plea agreement?

Def: Yes, your Honor.

Ct: And that's what you intended to do?

Def: Yes, your Honor.

Ct: And did you read that clause thoroughly yourself?

Def: Yes, your Honor.

Ct: And you went over the terms of that clause line by line?

Def: Yes, your Honor.

Ct: And your lawyer explained it to you in much the same way I just did?

Def: Yes, your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate and collateral attack rights and knowingly gave up those rights pursuant to the condition contained in the written plea bargain agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him on November 27, 2013, 2013, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. Upon inquiry, Defendant also stated that no one, including his counsel had promised him any particular sentence.

The undersigned Magistrate Judge further inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulations contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count 20 of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court. The undersigned advised the Defendant that the District Judge would adjudicate the Defendant guilty of the felony charged under Count 20 of the Indictment. Only after the District

Court had an opportunity to review the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulations contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea.

The Court also advised Defendant regarding the United States' agreement to recommend that the Court's sentencing Order include a recommendation that Defendant participate in the Bureau of Prisons RDAP. The Court advised that even if the United States did make that recommendation, the Court was not bound to follow it, and that even if the Court did make that recommendation the Bureau of Prisons was not bound to follow that recommendation. Defendant and his counsel each acknowledged their understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant in particular understood that, even if the Government recommends he receive credit for time served in State custody, the amount of time credited is up to the BOP and if he doesn't receive that credit he may not withdraw his guilty plea.

Defendant in particular understood that the parties stipulated that Defendant's case involved the "shake and bake" method of manufacturing methamphetamine and that this method is highly dangerous. The parties do not agree, however, whether the facts of this case are extraordinary

enough to trigger the application of the "risk" enhancement in Guideline 2D1.1(b)(13), and that decision will be left to the District Judge, without a jury.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not have a right to withdraw his guilty plea. Defendant also understood that if his counsel had shown him the guidelines, how they work, and what his sentence or range of imprisonment may be, that is not a guarantee or promise that the district judge would agree and sentence him to that term or range of imprisonment.

The Court advised, and Defendant understood by pleading guilty he was admitting, under oath, in open court, that he committed the facts and each of the elements of the felony crime charged. He understood that by pleading guilty and by the undersigned accepting his guilty plea he will be "found guilty."

Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

The Court then went over again the waiver provisions of the written plea agreement. It also advised, and Defendant understood, that even if his attorney estimated a guideline sentence or range of imprisonment, he would not be able to predict, and Defendant would not be able to take that estimate as a promise or guarantee of his actual sentence.

Thereupon, Defendant, Matthew Paul Sellers, in the presence of his counsel, Dorwin Wolfe, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count 20 of the Indictment.

The Court would at this point in the hearing hear the testimony of a Government witness to provide an independent basis for the guilty plea. In this case the parties had agreed to the offer of the independent basis by Government proffer. The AUSA then proffered that on February 25, 2013, law enforcement executed a search warrant at the home of co-defendant Robert Vaughn Barnette. Pursuant to that search, officers found materials used in the manufacture of methamphetamine. They found, on Defendant's person, two syringes and a piece of paper which had written on it steps to follow to manufacture methamphetamine. The investigation involved review of NPLEx records, which showed Defendant had purchased pseudoephedrine as reflected in several counts of the indictment, including that which is reflected in Count 20.

Defendant stated he heard, understood and agreed with the government's proffer of the facts that form the basis of count 20. The undersigned finds the government's proffer provides an independent factual basis in support of Defendant's guilty plea.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Indictment as a whole, but in particular as to Count 20 of the Indictment; Defendant understood the consequences of his plea of guilty, in particular the maximum statutory penalty to which he would be exposed; Defendant made a knowing and voluntary plea of guilty to Count 20 of the Indictment; and Defendant's plea is independently

supported by the Government's proffer, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's guilty plea and finds the defendant guilty of the felony charge contained Count 20 of the Indictment.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant has been in State custody since February 25, 2013, on charges based on the same facts as the instant indictment in this Court. The State court charges have now been dismissed. Defendant, through counsel, filed a motion for release pending sentencing. He proposed to live at his mother's home. He provided a letter from his mother, supplying her address and phone number. The Government advised it was not invoking mandatory detention at this time, and did not object to Defendant's release on conditions.

Based upon which, Defendant's Motion for Release Pending Sentencing [DE 33] is GRANTED. Defendant is released on conditions to be entered separately by the Court.

The Clerk of the Court is directed to send a copy of this Order to counsel of record and all involved agencies.

It is so **ORDERED**.

DATED: December 16, 2013.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE